# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

DASHON HINES,

Plaintiff,

v.

1:21-CV-600
(DNH/ATB)

NEW YORK STATE DEPARTMENT
OF LABOR STAFF,

Defendants.

DASHON HINES, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to me for initial review, another pro se complaint, submitted by plaintiff Dashon Hines. (Complaint ("Compl.")) (Dkt. No. 1).  Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2).

## I.    IFP Application

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2).  This court finds that plaintiff meets the financial criteria for proceeding IFP.  In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp*., 550 U.S. at 555).

Notwithstanding the liberality afforded to pro se litigants, their pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).  The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Id.* A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Morris V. President Donald J. Trump*, No. 21-CV-4445 (LTS), 2021 WL 2227797, at *1 (S.D.N.Y. June 1, 2021).

## II.   **Complaint**

Once again, plaintiff has filed an action on a form utilized for claims under 42 U.S.C. § 1983, which provides for a cause of action alleging that plaintiff's federal constitutional rights have been violated by a person acting under color of state law. (Complaint ("Compl.")) (Dkt. No. 1). This is not the first time that plaintiff, a Buffalo resident, has sued the New York State Department of Labor ("DOL") in Albany. *See Hines v. New York State Dep't of Labor Staff*, No. 1:20-CV-517.

In this complaint, plaintiff alleges that the defendant "refuse[d]" to issue "granted benefits in accordance with the American Rescue Plan Act of 2021 (HR 1319 . . . ) Sign[ed] into law by President Joe Biden on March 11, 2021." (Complaint ("Compl.") ¶ 4, Facts). Plaintiff repeats these limited facts and legal conclusion in his "First Cause of Action." (Compl. ¶ 5). Plaintiff seeks one million dollars in damages. (Compl. ¶ 6).

Plaintiff has attached exhibits to his complaint. The first page of his exhibits appears to be a copy of H.R. 1319 - The American Rescue Plan Act of 2021 ("ARPA"), printed from "Congress.gov." (Compl. at CM/ECF p. 6).[1] The second page of the exhibits appears to be the copy of a "notice," printed from the DOL website, informing

---

[1] Plaintiff has not numbered the pages of his exhibits. Thus, the court will cite to the pages assigned by the court's electronic filing system ("CM/ECF") but will not repeat the electronic filing designation.

the plaintiff that on April 22, 2021, he "successfully completed the Pandemic Unemployment Assistance (PUA) Application." (Compl. at 7).  The notice also tells the plaintiff how to access his benefits "if" he is approved. (*Id.*)

The next document is another notice to plaintiff, printed from the DOL website which is entitled: "Unemployment Insurance Monetary Benefit Determination." (Compl. at 8-9).  This document contains a "Weekly Benefit Rate" amount, but also states that "[t]his is NOT a decision on your eligibility for Unemployment Insurance Benefits." (*Id.*)  It appears to be a notice telling plaintiff how his weekly rate would be calculated based upon the information that the DOL had on file for plaintiff. (*Id.*)  The next page includes "instructions" which the plaintiff "must follow" before any benefits can be issued. (Compl. at 10).  The next page appears to be a copy of plaintiff's Key2Benefits Card information, indicating that plaintiff had .08 dollars in his account as of May 12, 2021. (Compl. at 11).

The next document contains a list of the DOL forms which plaintiff "completed" and the date upon which they were submitted online. (Compl. at 12-13).  This form shows that plaintiff submitted his PUA Application on April 22, 2012, but also submitted an application for Mixed Earner Unemployment Compensation on April 24, 2021 and filed several requests for a "Hearing" in April of 2021, prior to his PUA application. (*Id.*)  The last two pages of plaintiff's exhibits appear to be some sort of resumé,[2] listing the Erie County Department of Social Services under the headings

---

[2] Page 14 is a duplicate of page 15.

"Experience" and "Education," with dates and "Job Skills."[3]

## III.   <u>Venue</u>

### A.   **Legal Standards**

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial

district in which any defendant resides, if all defendants are residents of the State in

which the district is located; (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject of the action is situated; or (3) if there is no district in which an action

may otherwise be brought as provided in this section, any judicial district in which any

defendant is subject to the court's personal jurisdiction with respect to such action."  28

U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall

dismiss the case or, "if it be in the interest of justice, transfer such case to any district . .

. in which it could have been brought." 28 U.S.C. § 1406(a).  Even if venue is proper, a

district court may sua sponte transfer an action in the interest of justice and for the

convenience of the parties and witnesses to any other district where it might have been

brought.  28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990);

*Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17

(2d Cir. 1979) (citing cases); Kelly v. Kelly, 911 F. Supp. 70, 71 (N.D.N.Y. 1996).

"The purpose of section 1404(a) is to prevent the waste of time, energy and money and

---

[3] This document appears to state that from February 2011 until May 2021, plaintiff received a "Certificate (Job Skills)" from the Erie County Department of Social Services.  This information is listed under the heading "Education."  Under the heading "Experience," the Erie County Department of Social Services is listed, but under that, plaintiff has written "Appellant."

to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations marks omitted).

When considering whether to transfer an action sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue.  *See, e.g.*, *Flaherty*, 2002 WL 1891212, at *1-2; *Haskel v. FPR Registry, Inc*., 862 F. Supp. 909, 916 (E.D.N.Y. 1994).  Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 WL 1891212, at *1.

### B.    Analysis

### 1.    Transfer

I have considered transferring this action because I am well-aware that plaintiff resides in the Western District of New York and has likely filed this case in the Northern District of New York because he is attempting to avoid a bar order in the Western District.  However, because plaintiff has again named the DOL in Albany, and because plaintiff apparently applied for benefits online, rather than transferring this action, I will conduct the initial review, assuming that venue is appropriate in the Northern District of New York as I did in plaintiff's previous case against the DOL (20-CV-517).

### 2.    Merits

In this case, as in 20-CV-517, plaintiff has named the DOL "Staff" as a

defendant.[4]  Plaintiff has listed the defendant's address as a location in Albany, New York. (Compl. ¶ 3(a)).  From what this court can interpret of plaintiff's vague statement of claim,[5] plaintiff is alleging that the DOL has somehow refused to pay him benefits that have been "granted" based on the American Rescue Plan Act of 2021.[6]  It is unclear whether plaintiff has submitted the exhibits attached to the complaint in an effort to show that the DOL granted benefits, but then refused to pay or whether DOL failed to grant benefits that plaintiff believes he is entitled to based on the ARPA. Plaintiff states that the "refusal" took place on May 20, 2021.  However, unlike his previous action in which he was simply asking for his benefits to be paid, plaintiff has instead requested one million dollars in damages from the DOL "staff."

### 1. Eleventh Amendment

#### a. Legal Standards

"'The Eleventh Amendment to the Constitution bars suits against a state in federal court unless that state has consented to the litigation or Congress has permissibly enacted legislation specifically overriding the state's immunity.'" *Naples v.*

---

[4] Plaintiff does not specify any particular individual or individuals as the "staff."  Plaintiff applied for his benefits online and may not know who processed his application. Thus, this court will refer to the defendant "staff" in the singular.

[5] The court must interpret pro se complaints to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[6] The summary of the statute attached to plaintiff's complaint shows that the law provides for many types of relief, only part of which is the extension of unemployment benefits which were provided by the Coronavirus Aid, Relief and Economic Security ("CARES") Act, 15 U.S.C. § 9021(c). https://www.congress.gov/bill/117th-congress/ house-bill/1319/text#toc-HC01DC9A26CE9432AA 9C1A1E56CBF5517 (for full text of the ARPA).  The ARPA amends the CARES Act section by extending the Pandemic Unemployment Assistance from March 24, 2021 until September 6, 2021. 15 U.S.C. § 9021(c).

*Stefanelli*, 972 F. Supp. 2d 373, 390-91 (E.D.N.Y. 2013) (quoting *Russell v. Dunston*, 896 F.2d 664, 667 (2d Cir. 1990) (citations omitted); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).  A claim against a state agency is considered a claim against the state and implicates the Eleventh Amendment because the state is the "real" party in interest. *Id.* at 391 (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).  The Eleventh Amendment also bars suits against state agencies and state officers in their official capacities. *See Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001).

### b.    Analysis

To the extent that the complaint may be read as suing for damages against New York State or the DOL as an agency of the state, any such claim would be barred by the Eleventh Amendment, notwithstanding plaintiff's reference to "staff."  Plaintiff has not named any individual defendant, and thus, his claims would appear to be made against the agency itself.  Plaintiff's claim for one million dollars in damages must be dismissed with prejudice.

### 2.    Unemployment Benefits

Even if plaintiff had named an individual in this case who was subject to suit under section 1983, it is completely unclear from the complaint how plaintiff believes that any defendant violated either the federal law or the constitution.  Plaintiff has not shown or properly stated that his benefits were granted, and the DOL "refused" to pay.  Nor has plaintiff stated how the defendant's actions violated the ARPA.  In fact, the documents attached to the complaint only indicate that plaintiff successfully "applied"

for the PUA benefits, not that he was granted or denied any benefits.  Plaintiff has simply attached a copy of the statute which provides for a wide variety of relief and claims that the defendant "violated" this statute, purportedly with respect to plaintiff's unemployment benefits.[7]  Plaintiff's complaint is so vague and confusing that it violates Rule 8 and fails to state any kind of a claim against any defendant.[8]

Unfortunately, it appears that every time that plaintiff believes that an agency, state or federal, has decided a claim improperly, or has failed to decide quickly enough, plaintiff files an action in federal court.  This behavior has caused him to be barred from filing cases without permission in the Western District of New York and in the

---

[7] The ARPA is a long statute, containing eleven "Titles" and multiple subsections of each Title, covering a variety of funds and programs. The section of the ARPA which plaintiff relies upon does not provide a private cause of action for damages due to "violations" of the act.  In fact, the section of the CARES Act regarding unemployment benefits which the ARPA amends provides that an individual may "appeal any determination or redetermination regarding the rights to pandemic unemployment assistance under this section made by the State." 15 U.S.C. § 9021(c)(5)(A).  However, the appeals are to be conducted by the applicable State under the same procedures as the State uses for "rights to regular compensation under state law." 15 U.S.C. § 9021(c)(5)(b).  There is no provision for a private cause of action for damages against the State for a violation of the statute.  Whether an implied cause of action exist depends upon whether there is "a clear manifestation of congressional intent to create" one. *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011). Such a "clear manifestation" exists where the statute's text and structure show an intention to create a federal right through rights-creating language, an intention to create a private remedy, and consistency of a private remedy with the statutory scheme. *See Rep. of Iraq v. ABB AG*, 768 F.3d 145, 170 (2d Cir. 2014).  As stated above, a review of the section upon which plaintiff relies shows no intention of creating a federal damages remedy, but specifically provides for appeals pursuant to State law, determined by the State under its own procedures.  The ARPA amends that portion of the CARES Act which provides a deadline for benefits, extending that period of time.  Thus, neither statute provides plaintiff with a cause of action for damages.

[8] The New York State Department of Labor website contains information regarding the unemployment insurance ramifications of the ARPA. https://dol.ny.gov/unemployment/unemployment-insurance-assistance.  This cite contains a link to further details regarding who is eligible and what those individuals are required, or not required, to do in order to obtain continuation of their unemployment insurance funds.  Plaintiff has not indicated how the defendant has acted or refused to act in violation of this statute.

Second Circuit.[9]  Plaintiff is now continuing his abuse of the court system in the

Northern District of New York.[10]  This court has not sanctioned plaintiff yet, but

**plaintiff is warned that if he continues this trend, the court will consider referring**

**his case for potential bar in the Northern District of New York**.  Thus, the court

recommends dismissal of this action with prejudice.

WHEREFORE, based on the findings above, it is

ORDERED, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED**

**FOR PURPOSES OF FILING ONLY**, and it is

RECOMMENDED, that the complaint be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk

of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS**

**WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d

---

[9] *See In re Hines*, No. 17-2090, 2017 WL 6803304 (2d Cir. July 28, 2017) (stating that on "May 5, 2016 this Court entered an order in *In Re: Dashon Hines* 15–4094 requiring appellant to file a motion seeking leave of this Court prior to filing any future appeals.") On October 22, 2020, the Second Circuit consolidated the plaintiff's appeals in five cases from the Northern District of New York, (20-CV-505, 506, 517, 536, and 638) and held that "Petitioner now moves for leave to file these five appeals. Upon due consideration, it is hereby ORDERED that the motions are DENIED because the appeals do not depart from Petitioner's "prior pattern of vexatious filings." *In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993). *Hines v. TopShelf Mgmt.*, No. 20-1609, 20-1627, 20-1656, 20-1885, 20-2728 (2d Cir. Oct. 22, 2020) (consolidated appeals).

[10] In a separate Order and Report-Recommendation, I am recommending dismissal of two other actions that plaintiff filed within four days of this action against the Office of Temporary Disability and Assistance Staff: 1:21-CV-601 (plaintiff filed 21-CV-601on the same day as the instant action), 1:21-CV-626 (filed 5/28/2021).  Both of these actions make claims under the ARPA, are clearly filed in the Northern District of New York to avoid his bar order in the Western District, and are too vague to state any claim against a New York State Agency defendant which is also immune from damage claims because of the Eleventh Amendment.

Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 7, 2021

Andrew T. Baxter
U.S. Magistrate Judge